**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| WILMY CASTILLO, | ) | |
| Petitioner | ) | |
| v. | ) | Civil Action No. 26-14695-MJJ |
| DAVID WESLING, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

November 10, 2026

JOUN, D.J.

Petitioner Wilmy Castillo ("Petitioner" or "Castillo"), a citizen of the Dominican Republic, filed this Petition for Writ of Habeas Corpus on October 16, 2026. *See* [Doc. No. 1]. On October 8, 2026, Petitioner was arrested for immigration violations after involvement with a Drug Enforcement Administration ("DEA") investigation. *See* [Doc. No. 7-1]. Castillo was transferred to the ICE Field Office in Burlington, Massachusetts that same day. [*Id.* at 2–3]. He is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. [Doc. No. 1 at ¶ 5]. Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) due to his involvement in a DEA investigation. Because the record is insufficient to establish this, and for the reasons stated below, the petition is GRANTED.

In their Response to Habeas Petition, Respondents submitted redacted reports from the DEA to support Petitioner's mandatory detention under § 1226(c)(1)(A). [Doc. No. 7-1]. The reports reveal that Petitioner was observed getting into a DEA undercover vehicle, that he

transferred something to a DEA undercover agent, that his car and room were searched, and his bedroom dresser was found to have a hidden compartment. *See* [Doc. No. 7-1 at 2, 7–8]. The reports, however, are heavily redacted, and critical information is omitted. The reports do not show what Petitioner allegedly transferred, whether it was a controlled substance or listed chemical, and what facts support his knowing participation in illicit trafficking. Because the DEA reports redacted material information about Petitioner's involvement in the investigation, the Court ordered Respondents to supplement the record. [Doc. No. 14]. Respondents filed a Response stating, "the agency cannot disclose any additional information from the reports, other than what was previously submitted, given the continuous law-enforcement sensitive nature of the reports." [Doc. No. 17].

Petitioner asserts his detention is unlawful under the present record. [Doc. No. 13]. The Court agrees. 8 U.S.C. § 1226(c)(1)(A) requires detention of a noncitizen "who is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Respondents rely on § 1182(a)(2)(C)(i), which provides a noncitizen who "the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance or in any listed chemical . . . or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . . is inadmissible." As this Court has already held, the absence of criminal charges is not dispositive. *See Montero Montero v. Moniz*, 25-cv-13420, [Doc. No. 10] (D. Mass. Dec. 8, 2025). Also not dispositive is the agency's assertion that it has reason to believe Petitioner participated in trafficking. The standard requires evidence, not simply suspicion. In *Garces v. U.S. Atty. Gen.*, the Eleventh Circuit explained that the statutory ground requires more than "mere suspicion." 611 F.3d 1337, 1350 (11th Cir. 2010). Instead, there must be "reasonable, substantial, and probative

evidence" supporting the conclusion that the individual knowingly participated in drug trafficking. *Id.* at 1345–47. The court found that the evidence did not sufficiently establish the petitioner's knowing participation even though the circumstances raised suspicions about his involvement in a cocaine transaction. *Id.* at 1350. Here, the existence of an investigation—and a DEA report documenting it—does not itself establish reasonable grounds to believe Petitioner participated in illicit trafficking. Because Respondents were unable to further supplement the record, the Court finds that the statutory predicate for mandatory detention under 8 U.S.C. § 1226(c)(1)(A) is not satisfied. Petitioner, therefore, is entitled to a bond hearing under 8 U.S.C. § 1226(a).

The Petition for Writ of Habeas Corpus, [Doc. No. 1], is GRANTED. Respondents are ORDERED to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by November 17, 2026. Unless Petitioner was provided a bond hearing, Respondents shall release Petitioner by 6 PM on November 17, 2026. The Respondents are further ORDERED to file a status report within 24 hours of the Immigration Judge's decision on bond, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial, or whether he has been released, and if so, the date, time, and location of his release. The Respondents should include a copy of the Immigration Judge's decision with their status report.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge